| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice  Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **18-CI-00671**<br>Court:  **CIRCUIT**<br>County: **MADISON** |

*Plantiff*, **MOOTOOR, MAJENTA VS. EASTERN KENTUCKY UNIVERSITY**, *Defendant*

TO: **EASTERN KENTUCKY UNIVERSITY**
　　**521 LANCASTER AVENUE**
　　**COATES ADMIN. 107 - CPO 1A**
　　**RICHMOND, KY 40475**

Memo: SERVE: President Michael T. Benson

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Allee Combs Whicker*
Madison Circuit Clerk
Date: **11/15/2018**

Presiding Judge: HON. JEAN C. LOGUE (625304)

| Proof of Service |
|---|
| This Summons was: |
| ☐ Served by delivering a true copy and the Complaint (or other initiating document) |
| To: _____ |
| ☐ Not Served because: _____ |
| Date: _____, 20____　　　　　　　　　　　　　　Served By _____ |
| 　　　　　　　　　　　　　　　　　　　　　　　　　　　　Title _____ |

Summons ID: 13175819634084@00000112584
CIRCUIT: 18-CI-00671 Certified Mail
MOOTOOR, MAJENTA VS. EASTERN KENTUCKY UNIVERSITY



Page 1

**EXHIBIT A**

*e*Filed

Package : 000002 of 000010

Filed       18-CI-00671    11/15/2018        Allee Combs Whicker, Madison Circuit Clerk

COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
CIVIL BRANCH
DIVISION
CASE NUMBER: 18-CI-671

**MAJENTA MOOTOOR**                                      **PETITIONER**

V.

**EASTERN KENTUCKY UNIVERSITY**                          **RESPONDENT**

## COMPLAINT

Comes now, the Plaintiff, Majenta Mootoor by and through counsel and for her Complaint states as follows:

1. At all times relevant the Plaintiff was enrolled as a student in the Occupant home at Eastern Kentucky University beginning in Fall 2014.

2. The Plaintiff is a qualified individual with a disability as defined by KRS 344.030(1).

3. As a result of the Plaintiff's disability she was determined to be eligible for accommodations and modification pursuant to U.S.C. § 794 (More commonly known as § 504 of the Rehabilitation Act, hereinafter "§504")

4. The Defendant Eastern Kentucky University (hereinafter "EKU") is an institution of higher learning and is a public accommodation as defined by KRS 344.130 and 29 USC 359 at the Americans with Disabilities Act.

5. The Plaintiff began her educational career at EKU in Fall 2014.

6. On November 6, 2014 the Plaintiff met with Professor Causey Upton who advised her to withdraw from the Occupational Science Program (hereinafter "OSP").

7. On November 26, 2014 she again sent an e-mail to the Plaintiff advising that she explore other career options.

1

Filed       18-CI-00671    11/15/2018        Allee Combs Whicker, Madison Circuit Clerk

Presiding Judge: HON. JEAN C. LOGUE (625304)

Package : 000003 of 000010

Filed       18-CI-00671   11/15/2018       Allee Combs Whicker, Madison Circuit Clerk

8. The Plaintiff finished the Fall Semester with a 3.4 Grade Point Average.

9. In Spring, 2015 the Plaintiff accommodation letter was provided to all of the Plaintiff's instructors.

10. The Plaintiff's OTS 335 class instructor, Julia Westfall failed to follow the Plaintiff's accommodations.

11. Also during the Spring Semester Dr. Causey and Westfall again attempted to advise the Plaintiff to withdraw from the Occupation Science Program.

12. In Fall Semester 2015 the Plaintiff asked her instructors for letters of recommendation but all but one of her instructors refused due to her disability.

13. In Spring Semester 2016 the Plaintiff's OTS402 and OTS 478 instructor Amy Marshall refused to follow the accommodate the Plaintiff.

14. Additionally, the Plaintiff did not receive her accommodations from Camille Skubik-Pleplaski in OTS 430 during Spring Semester.

15. In the Spring Semester, the second Grade Point Average was 3.6.

16. The failure to provide the Plaintiff her accommodations continued in the Fall Semester 2016.

17. The Plaintiff did not receive accommodations from instructor Dana Howell, or Elaine Fehringer.

18. In Fall 2016, the Plaintiff began field experience at the Ashland Church.

19. The field work experience began well but Skubik-Plepaski stated that the Plaintiff should consider leaving because of her disability

20. The instructor treated the Plaintiff differently by assigning the Plaintiff individual clients instead of assigning clients paired with other students, as was the procedure. The Plaintiff

2

Filed       18-CI-00671   11/15/2018       Allee Combs Whicker, Madison Circuit Clerk

did not receive the extra feedback as required by her accommodation from the Ofice of Equity and Inclusion.

21. Despite the failure of the Defendant in providing the reasonable accommodations, the Plaintiff did well with a GPA of 3.38

22. In the Spring 2017 Semester, the Plaintiff continued her field work as an occupational therapy student at the Telford YMCA in Richmond, KY.

23. The Plaintiff received good reviews from her instructor, Dr. Nichols during her field work experience.

24. During the Spring, Summer, and Fall Semesters, the Plaintiff was harassed again by the faculty because they alleged she plagiarized a document due to working with her tutor per her accommodation.

25. On May 5, 2017, the Plaintiff left the meeting with Howell frightened and intimidated.

26. During the Fall 2017 semester while the Plaintiff went to her assignment she received an unfavorable evaluation from Dr. Hardman.

27. Also, during the Fall semester, Dr. Skubik-Plepaski sabotaged a placement with Neuro Restorative in Georgetown, Kentucky by telling the Neuro Restoration site that the Plaintiff was going to fail so she would not need to be placed there.

28. The Plaintiff filed a complaint about her grade in OTS 871 with the office of Equity and Inclusion.

29. As a result of the Complaint the Plaintiff entered into a contract with the Equity and Inclusion.

30. The contract was entered into to ensure that the Plaintiff would receive reasonable accommodations and modifications.

31. The Defendant EKU never complied with the terms of the contract.

Filed                    18-CI-00671    11/15/2018              Allee Combs Whicker, Madison Circuit Clerk

32. As a requirement to complete the degree in Occupational Therapy the Plaintiff had to satisfactorily complete field work.

33. In early February 2018 the Plaintiff received emails from Camille Skiubik-Plosky who told the Plaintiff that they were unable to assign her to a site because the sites would not accommodate her disability.

34. However, in February 2018 the Plaintiff started field work at the VA Hospital Lexington, under the Supervision of Jeff Healander.

35. Healander did not provide the Plaintiff her accommodations nor did he provide adequate supervision.

36. Healander did not provide the Plaintiff any feedback, and at all times she believed she was performing satisfactorily.

37. The Plaintiff believed she was doing satisfactorily until the fifth day of field work.

38. On the fifth day, the Plaintiff was told she was "red flagged" and she had told Dr. Skubik-Plepaski that the Plaintiff was a failure.

39. On Monday February 26, 2018, the Plaintiff was told by Healander that she was doing well.

40. On Wednesday Feburary 28, 2018, the plaintiff was sent home by Healander who told the Plaintiff that she had failed her field work.

41. On or about February 28, 2018 the Plaintiff received an e-mail from Casey Humphrey that she would have to withdraw from the Program.

42. On September 28, 2018, after exhausting all administrative remedies available at EKU to contest grades, the Plaintiff was dismissed from EKU.

43. The Plaintiff's dismissal was solely due to her disability.

4

Presiding Judge: HON. JEAN C. LOGUE (6253C4)

Package : 000006 of 000010

Filed                    18-CI-00671    11/15/2018              Allee Combs Whicker, Madison Circuit Clerk

Filed          18-CI-00671   11/15/2018          Allee Combs Whicker, Madison Circuit Clerk

## COUNT I
### Discrimination by Public Accommodation

44. The Plaintiff incorporates paragraphs 1-44 by reference.

45. KRS 344.130 prohibits discrimination by a public accommodation due to one's disability.

46. The Plaintiff is a qualified individual with a disability.

47. The Defendant as a public accommodation discriminated in the terms and conditions of her enrollment due to her disability.

48. The Defendant failed to implement the Plaintiff's accommodation plan or the contract she entered into with the Defendant that would have allowed her to continue in the program and be successful.

49. As a result of the Defendant's discriminatory conduct the Plaintiff has suffered embarrassment and humiliation as well as financial harm.

## COUNT II
### Retaliation

50. The Plaintiff incorporates paragraphs 1-50 by reference.

51. KRS 344.280 prohibits retaliation against an individual who encages in an protected activity.

52. The Plaintiff encages in a protected activity when she complained to the office of Equity and Inclusion about the Defendant's failure to follow her accommodation.

53. As a result of the complaint the Plaintiff was subjected to unwarranted criticism and failing grades.

54. The Plaintiff was ultimately removed from the Occupational Therapy program.

55. The Plaintiff was a victim of intentional and malicious retaliation solely due to her advocacy and her disability.

5

Filed          18-CI-00671   11/15/2018          Allee Combs Whicker, Madison Circuit Clerk

Presiding Judge: HON. JEAN C. LOGUE (625304)

Package : 000007 of 000010

Filed                18-CI-00671    11/15/2018         Allee Combs Whicker, Madison Circuit Clerk

56. As a result the Plaintiff has suffered embarrassment and humiliation, as well as emotion and financial harm.

## COUNT III
## 29 USC 794

57. The Plaintiff incorporated paragraphs 1-57 by reference.

58. The Plaintiff is a qualified individual with a disability

59. The Defendant, EKU, is a public establishment of higher learning that receives Federal funding.

60. As a public institution of higher learning, the Defendant cannot discriminate in the terms and conditions of a qualified individual's right to an appropriate education pursuant to the legal requirement of 29 USC 794, more commonly known as § 504 of the Rehabilitation Act.

61. The Defendant, in their interaction with the Plaintiff, violated §504.

62. As a result of the Defendant's violation, the Plaintiff has suffered loss of educational opportunity, financial and emotional harm, which demands compensation.

## COUNT IV
### Americans with Disabilities Act

63. The Plaintiff incorporates paragraphs 1-62 by reference.

64. The Plaintiff is a qualified individual with a disability

65. The Defendant is an entity as defined under Title II of the Americans with Disabilities Act (hereafter "ADA")

66. The ADA prohibits an academic institution to discriminate against a qualified individual with a disability

67. The Defendant, EKU, discriminated against the Plaintiff in the terms and conditions of her education while enrolled at EKU.

Filed                18-CI-00671    11/15/2018         Allee Combs Whicker, Madison Circuit Clerk

Presiding Judge: HON. JEAN C. LOGUE (625304)

Package : 000008 of 000010

Filed          18-CI-00671    11/15/2018        Allee Combs Whicker, Madison Circuit Clerk

68. Speciffically the Defendant failed to provide accommodation, during field work, necessary for the Plaintiff to succeed in the curriculum.

69. The Defendant's classroom instructor failed to follow the accommodation plan developed specifically for the Plaintiff.

70. As a result, the Defendant violated the ADA and the Plaintiff suffered emotional and financial harm which demand compensation.

## COUNT V
### Breach of Contract

71. The Plaintiff incorporates paragraphs 1-70 by reference.

72. On December 20, 2017 the Plaintiff and the Defendant entered a contract that would allow the Plaintiff to continue and succeed in the Occupational Therapy program.

73. The Defendant failed to comply with the terms of the contract.

74. As a result of the Defendant's failure to comply with the terms of the contracts, the Plaintiff was removed from the Occupational Therapy program.

75. Due to the Defendant's failure to comply with the terms of the contract the Plaintiff was has suffered embarrassment, humiliation, and financial loss.

WHEREFORE, the Plaintiff prays:

1. The Court assume jurisdiction over her Complaint pursuant to KRS 344.450.

2. Find that the Defendant, as a place of public accommodation, as defined by KRS 344.130, find the Defendant discriminated against the Plaintiff in the terms and conditions of her education.

3. Find that the Defendant retaliated against the Plaintiff in violation of KRS 344.280.

4. Find that the Defendant failed to provide the Plaintiff reasonable accommodation which would have allowed her to successfully complete her academic and professional program which is in violation of the ADA.

7

Filed          18-CI-00671    11/15/2018        Allee Combs Whicker, Madison Circuit Clerk

Presiding Judge: HON. JEAN C. LOGUE (625304)

Package : 000009 of 000010

5. Find that the Defendant failed to provide the Plaintiff with reasonable accomidation due to her disability which is in violation of 29 USC 794.

6. Find that as a result of the Defendant's conduct the Plaintiff has suffered embarrassment and humiliation and financial loss.

7. Award the Plaintiff compensatory damages and damages for embarrassment and humiliation.

8. Award the Plaintiff reasonable attorney fees and costs pursuant to KRS 344.450, 29 USC 794, and the ADA.

9. Summons a jury to address all issues raised in the Plaintiff's Complaint.

10. Award the Plaintiff any and all equitable or legal relief the Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

*/s./ Edward E. Dove*
Edward E. Dove
Attorney for Petitioner
300 Lexington Building
201 West Short Street
Lexington, Kentucky 40507
(859) 252-0020 –Phone
(859) 258-9288 – Fax
eddove@windstream.net

8