UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MAJENTA MOOTOOR, | ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | 5:18-cv-645-JMH-MAS |
| EASTERN KENTUCKY UNIVERSITY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | |

\*\*\*

This matter is before the Court on Plaintiff Majenta Mootoor's Motion to Amend the District Court's Record [DE 49]. For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I. PROCEDURAL & FACTUAL HISTORY**

Plaintiff brought this action in Madison Circuit Court alleging disability discrimination claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Kentucky Civil Rights Act ("KRCA"), and a claim for breach of contract. [DE 1-1 at 1-7]. Shortly thereafter, the matter was removed to this Court. [DE 1].

On September 20, 2020, the Court entered an order granting Defendant's Motion for Summary Judgment. [DE 42]. Following an entry of judgment in favor of Defendant, Plaintiff appealed. [DE 45]. The appeal is currently pending before the United States Court of Appeals for the Sixth Circuit.

Plaintiff now seeks permission to submit deposition excerpts that were previously omitted. [DE 49]. Defendant does not oppose the motion, but objects to "Plaintiff's use on appeal of any part of a deposition not presented to, relied upon, or considered by the Court" in granting summary judgment. [DE 50 at 1]. Having been fully brief, the Court will consider the matter.

## II. DISCUSSION

Although Plaintiff cites to "FRAP [Federal Rule of Appellate Procedure] 10(c)(3)," no such rule exists. [DE 49 at 1]. Nevertheless, in determining whether to amend or modify the district court record, courts look to Rule 10(e). As Plaintiff intends to add excerpts from deposition transcripts into the record, the Court will construe her request as one brought under Rule 10(e). Accordingly, Rule 10(e) provides:

> (e) Correction or Modification of the Record.
>
> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may eb certified and forwarded:
>
> > (A) on stipulation of the parties
> >
> > (B) by the district court before or after the record has been forwarded; or
> >
> > (C) by the court of appeals.

> (3) All other quests as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e).

Typically, the record on appeal consists only of "the original papers and exhibits filed in the district court." Fed. R. App. P. 10(a). However, the district court has a narrow band of discretion to change or modify the record on appeal. *See Canday v. Kelley*, 37 F.3d 1498, 1994 WL 567512, at *11 (6th Cir. 1994). Rule 10(e) "allows modification of the record in only two instances; namely, when the parties dispute whether the record actually discloses what occurred in the district court and when a material matter is omitted by error or accident." *Id.* "'[I]f anything material to either party is omitted from or misstated in the record by error or accident,' the rule allows 'the omission or misstatement [to] be corrected and a supplemental record [to] be certified and forwarded.'" *Golden v. Mirabile Investment Corp.*, No. 14-cv-2463-SHM-tmp, 2017 WL 3821686 (W.D. Tenn. Aug. 31, 2017) (quoting *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003)).

As grounds for amending the record, Plaintiff simply states that complete transcripts are necessary for a correct record on appeal. [DE 49 at 1]. Plaintiff further elaborates explaining that she "had no intent to cite to [the Sixth Circuit] any part of the record not reviewed by the Trial Court." [DE 51 at 2]. Yet,

Plaintiff follows up by stating that her only purpose is to amend the record so that the Sixth Circuit would have a complete and adequate record to review on appeal. [*Id.*]. Though Defendant does not object generally to the addition of deposition transcript excerpts to the record, the Court finds no compelling reason to amend the record.

First, the deposition pages that Plaintiff now seeks to introduce were not previously filed at the time that the Court considered Defendant's summary judgment motion. Thus, the record as it currently stands provides a more accurate reflection of what the Court reviewed in granting summary judgment. *See Leeper v. Verizon Wireless*, No. 2:08-cv-0727, 2010 WL 518032 (S.D. Ohio Feb. 1, 2010) ("'It is well-settled that the purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review.' In particular, this Court is not authorized to 'augment the record on appeal with deposition transcripts that were not on the record before it at the time its final decision was rendered.'").

Additionally, no party has alleged, let alone demonstrated, any material omission or misstatement that occurred in this matter either by error or accident. To be sure, in moving for summary judgment, Defendant offered numerous deposition transcript excerpts to support its arguments. [*See* DE 25-4 through 25-9].

Rather than offer additional excerpts for the Court to review, Plaintiff cited only to the excerpts offered by Defendant. [*See generally* DE 31]. Consequently, the Court did not consider the content of any missing excerpts in its decision. Amending the record now, after summary judgment has been granted, would improperly introduce new evidence into the appellate record. *See Golden v. Mirabile Investment Corp.*, No. 14-cv-2463-SHM-tmp, 2017 WL 3821686 (W.D. Tenn. Aug. 31, 2017) (denied motion to add additional deposition transcript pages to the record where they were not already part of the record at the time summary judgment was granted); *see also Jones v. Jackson Nat. Life Ins. Co.*, 819 F. Supp. 1385 (W.D. Mich. 1993) ("notwithstanding the parties' 'stipulation,' this Court is not authorized under Rule 10(e) to 'augment the record on appeal with deposition transcripts that were not on the record before it at the time its final decision was rendered. This is so because 'the only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court.'") (quoting *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1165 (3rd Cir. 1986)); *See Leeper v. Verizon Wireless*, No. 2:08-cv-0727, 2010 WL 518032 (S.D. Ohio Feb. 1, 2010).

## III. CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Plaintiff Majenta Mootoor's Motion to Amend the District Court Record [DE 49] is **DENIED**.

This the 24th day of June, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge